Peice, J.
As a fact omitted in onr statement of this case, we note that James Fitzpatrick, the defendant in the divorce and alimony action, has tiled in this court his cross-petition in error,, in which he assigns practically the same errors complained of by plaintiff in error. Except for his own amusement, we see no reason for his having done so. On the nineteenth day of November, 1903, he conveyed all his title and interest in the premises involved in this proceeding to the plaintiff in error, and thereafter had no interest to protect, unless it would be his covenants of warranty contained in his deed to Peeke of that date.
The controversy, if it can be so dignified, is between the plaintiff in error and the defendant in error, Mary A. Fitzpatrick, in whose favor the decree for alimony was made on the twenty-third day of February, 1893, and in his answer he attacks the decree on the sole ground that it had become dormant because no execution was ever issued for its collection, and was dormant when she brought her action and obtained the decree under review.
The controversy thus raised is foreclosed, unless we overrule the judgment of this court, rendered in Lemert v. Lemert et al., 72 Ohio St., 364, where it is distinctly held that, “a decree for alimony does not become dormant because of the failure to issue execution thereon for more than five years.” On page 368 this court says: “A decree for alimony is not a judgment within the meaning of section 5380, Revised Statutes, which provides that a judgment on which execution has not issued for five years shall become dormant and shall cease to operate as a lien on real estate, nor is it a judgment or finding within the meaning of section 5367, which provides *401 for the revivor of a dormant judgment, or a finding for money in any equitable proceeding. ’ ’
We still think the law is correctly stated in that ease, and therefore follow it in this proceeding. Indeed, the plaintiff in error has not assailed the soundness of that decision either in his brief or oral argument. He opens his brief in this language: “The question in this case is — ‘When does a decree for alimony in gross cease to be a lien on land?’ We claim it ceases to be a lien in ten years. ”
The dormancy of the decree relied on in his answer to plaintiff’s petition seems now to be abandoned, and a statute of- limitations substituted, which formed no part of the issues made by the pleadings. This might be sufficient for us to say on the subject, but perhaps the spirit of enthusiasm in which the argument was presented, deserves further notice. He suggests that in the Lemert case, supra, the decree was six years old, while the decree of Mary A. Fitzpatrick was eleven years old when she commenced her action now under consideration. What does that fact signify? Absolutely nothing. We have seen that the decree is not dormant, and we add now, that we are not aware of any statute that limits its life. The records of the courts are devised and intended to perpetuate judgments and decrees, and unless their lives are limited or cut off by statute, they are the permanent record of what the court has done, until reversed, or otherwise legally set aside. No statute has been cited limiting or cutting off the life of this decree, and it has not been reversed, modified or set aside in any proceeding brought to our attention. Therefore, it was a living decree in her favor when the plaintiff below brought her action, and it was the proper basis for the relief *402 she demanded in that action. Her decree was made a lien on real estate subject to the life estate therein, of another party, and during its life, the husband who was the remainderman, conveyed his estate to plaintiff in error. The remainderman and the owner of the life estate, subsequent to the date of the decree, had executed a mortgage to a third party encumbering their interests in the premises, and a rod in width off one end thereof had been conveyed to still another party. These facts furnished a sufficient ground for the action instituted by plaintiff below, to the end that she might subject the real estate encumbered by her decree to the payment of the same. Her case was in the nature of an equitable execution, as held in some of the cases, and she was simply seeking to enforce her legal rights. The premises were in the actual possession of the life tenant. The defaulting husband could not defend by pleading the statute of limitations against a continuing, permanent decree. The plaintiff was not asking possession of the encumbered estate, but its sale under the continuing decree. The plaintiff in error acquired his title on the nineteenth day of November, 1903, from the defaulting husband, and the action before us was commenced on the twelfth day of March, 1904.
There is no place in the facts or in the law for any statute of limitations to find lodgment.
We find no error in the record, and the judgment of the lower court is affirmed.

Judgment affirmed.

Shauck, C. J., Crew, Summers, Spear and Davis, JJ., concur.